UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE MARIE DEMARCO and LAUREN BOHN, on behalf of themselves and all others similarly situated, Plaintiffs, | Case No. 16 Civ. 543 |
| - against - | COLLECTIVE ACTION COMPLAINT |
| ANDY ARVANS RESTAURANT CORP. d/b/a SWEET HOLLOW DINER, ANDY ARVANS, an individual, and CHRISTOPHER ARVANS, an individual, Defendants. | |

Plaintiffs Anne Marie Demarco and Lauren Bohn on behalf of themselves and all others similarly situated (collectively referred to as "Plaintiffs"), by and through their attorneys Shulman Kessler LLP, complaining of the Defendants Christopher Arvans Restaurant Corp. d/b/a Sweet Hollow Diner, Andy Arvans and Christopher Arvans (collectively referred to as "Defendants") allege as follows:

## INTRODUCTION

1. This lawsuit seeks to recover the unpaid full minimum wage for Plaintiffs and their similarly situated servers who have worked for Defendants.

2. Defendants failed to provide Plaintiffs and their similarly situated co-workers with proper notice of the tipped minimum wage and its requirements. Defendants rely on a "tip credit" to pay Plaintiffs and their similarly situated co-workers the "tipped minimum wage" as opposed to the full minimum wage.

3. Defendants, however, have not satisfied the strict requirements under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* or the New York Labor Law ("NYLL" or " N.Y. Lab. Law") that would allow them to pay a reduced minimum wage (i.e.

- take a "tip credit").

4. At all times relevant, Defendants paid their servers at a tipped minimum wage rate less than the full minimum wage rate for non-tipped work.

5. Defendants have a policy or plan requiring Plaintiffs and their similarly situated co-workers to spend over 20 percent of their time performing work unrelated to serving customers (hereinafter referred to as "side-work"), and failed to compensate Plaintiffs and their similarly situated co-workers at the full minimum wage rate for all workdays where they spent over 20 percent of their workday completing un-tipped side-work.

6. Defendants require servers to spend a substantial amount of time performing non-tip producing side-work including but not limited to: general cleaning, filling containers with food and sauces, cleaning the kitchen salad bar, restocking condiments in the salad bar. Defendants' servers were required to perform side-work at the start and end of every shift, as well as during their shift. This time spent performing side-work exceeded 20 percent of their time working for Defendants.

7. The side-work that is described above is not related to Plaintiffs' duties as tipped workers. Plaintiffs are entitled to the full minimum wage.

8. Defendants also require Plaintiffs and their similarly situated co-workers perform a substantial portion of their side-work off-the-clock without any compensation.

9. Defendants maintain a policy where tipped workers are required to work off-the-clock.

10. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former servers who elect to opt-in to this action pursuant to the FLSA, specifically the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-

and-hour provisions of the FLSA. At the earliest time possible, Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the three years immediately preceding the filing of this action, worked for Defendants as a server.

## JURISDICTION & VENUE

11. Jurisdiction of the Court over this controversy is based upon, 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337.

12. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

13. Plaintiffs worked for Defendants at their restaurant located at 100 Broadhollow Road, Melville, New York 11747.

14. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

***Plaintiff Anne Marie Demarco***

15. Anne Marie Demarco is a resident of the State of New Jersey.

16. At all times relevant to the Complaint, Anne Marie Demarco was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

17. At all times relevant, Anne Marie Demarco was employed by Defendants as a tipped employee, specifically a server.

18. Anne Marie Demarco expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A).

***Plaintiff Lauren Bohn***

19. Lauren Bohn is a resident of the State of New Jersey.

20. At all times relevant to the Complaint, Lauren Bohn was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

21. At all times relevant, Lauren Bohn was employed by Defendants as a tipped employee, specifically a server.

22. Lauren Bohn expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A).

***Defendant Andy Arvans Restaurant Corp. d/b/a Sweet Hollow Diner***

23. Upon information and belief, Defendant Andy Arvans Restaurant Corp. d/b/a Sweet Hollow Diner is authorized to do business pursuant to the laws of the State of New York.

24. Upon information and belief, Defendant Andy Arvans Restaurant Corp. does business as Sweet Hollow Diner.

25. Upon information and belief, Defendant Andy Arvans Restaurant Corp.'s (hereinafter referred to as "Sweet Hollow Diner") place of business is located at 100 Broadhollow Road, Melville, New York 11747.

26. Upon information and belief, Defendant Sweet Hollow Diner maintains control, oversight, and direction over its operations and employment practices.

27. Upon information and belief, Defendant Sweet Hollow Diner was and still is in the restaurant business.

28. At all times hereinafter mentioned, Defendant Sweet Hollow Diner was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

29. At all times hereinafter mentioned, Defendant Sweet Hollow Diner employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

***Defendant Andy Arvans***

30. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans owns and/or operates Defendant Sweet Hollow Diner.

31. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is the President of Defendant Sweet Hollow Diner.

32. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is the Vice-President of Defendant Sweet Hollow Diner.

33. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is a shareholder of Defendant Sweet Hollow Diner.

34. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is a corporate officer of Defendant Sweet Hollow Diner.

35. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is the Chief Executive Officer of Defendant Sweet Hollow Diner.

36. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans is an agent of Defendant Sweet Hollow Diner.

37. Upon information and belief, and at all times hereinafter mentioned, Andy Arvans is a manger and supervisor of Defendant Sweet Hollow Diner.

38. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans has the authority over personnel decisions for Defendant Sweet Hollow Diner.

39. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans has the authority over payroll decisions for Defendant Sweet Hollow Diner.

40. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans supervises employees of the Defendant Sweet Hollow Diner.

41. Upon information and belief, and at all times hereinafter mentioned, Defendant Andy Arvans has the authority to hire and fire employees for Defendant Sweet Hollow Diner.

42. Andy Arvans has the power to make binding decisions for Defendant Sweet Hollow Diner.

43. Defendant Andy Arvans has the power to transfer the assets or liabilities of Defendant Sweet Hollow Diner.

44. Defendant Andy Arvans has the power to declare bankruptcy on behalf of Defendant Sweet Hollow Diner.

45. Defendant Andy Arvans has the power to enter into contracts on behalf of Defendant Sweet Hollow Diner.

46. At all times hereinafter mentioned, Defendant Andy Arvans was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

***Defendant Christopher Arvans***

47. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans owns and/or operates Defendant Sweet Hollow Diner.

48. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is the President of Defendant Sweet Hollow Diner.

49. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is the Vice-President of Defendant Sweet Hollow Diner.

50. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is a shareholder of Defendant Sweet Hollow Diner.

51. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is a corporate officer of Defendant Sweet Hollow Diner.

52. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is the Chief Executive Officer of Defendant Sweet Hollow Diner.

53. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is an agent of Defendant Sweet Hollow Diner.

54. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans is a manger and supervisor of Defendant Sweet Hollow Diner.

55. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans has the authority over personnel decisions for Defendant Sweet Hollow Diner.

56. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans has the authority over payroll decisions for Defendant Sweet Hollow Diner.

57. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans supervises employees of Defendant Sweet Hollow Diner.

58. Upon information and belief, and at all times hereinafter mentioned, Defendant Christopher Arvans has the authority to hire and fire employees for Sweet Hollow Diner.

59. Defendant Christopher Arvans has the power to make binding decisions for Defendant Sweet Hollow Diner.

60. Defendant Christopher Arvans has the power to transfer the assets or liabilities of Defendant Sweet Hollow Diner.

61. Defendant Christopher Arvans has the power to declare bankruptcy on behalf of Defendant Sweet Hollow Diner.

62. Defendant Christopher Arvans has the power to enter into contracts on behalf of Defendant Sweet Hollow Diner.

63. At all times hereinafter mentioned, Defendant Christopher Arvans was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

**FLSA COLLECTIVE ACTION CLAIMS**

64. Upon information and belief, there are approximately 25 current and former servers that are similarly situated to Plaintiffs who were paid less than the minimum wage.

65. Plaintiffs sue on their own behalf and as the class representatives (hereinafter, the "Class Representatives") and bring the First Cause of Action on behalf of themselves and all similarly situated persons who have worked for Defendants as servers and elect to opt-in to this action.

66. The Class Representatives represent other servers, and are acting on behalf of the interests of those servers, as well as their own interests in bringing this action.

67. The Class Representatives seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All servers who are currently or have been employed by Defendants at Sweet Hollow Diner and were paid less than the regular hourly minimum wage at any time during the three years prior to the filing of their respective consent forms (hereinafter, the "FLSA Collective").

68. Defendants were aware or should have been aware that the law required them to pay the regular minimum wage for all hours worked to employees, including Plaintiffs and the FLSA Collective, who spend over 20 percent of their time performing work unrelated to serving customers.

69. Defendants were aware or should have been aware that it is unlawful to require Plaintiffs and the FLSA Collective to work off-the-clock.

70. The FLSA Collective is readily identifiable and locatable through use of the Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of their minimum wage pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## PLAINTIFF'S FACTUAL ALLEGATIONS

***Plaintiff Anne Marie Demarco***

71. Anne Marie Demarco was an employee of Defendants, working under their direct supervision.

72. Anne Marie Demarco was employed by Defendants from August 2012 until in or about June 2014 as a tipped employee.

73. As a tipped employee, Anne Marie Demarco's duties included waiting on and serving customers, cleaning the restaurant, stocking supplies, and other side-work.

74. Defendants' customers regularly tipped Anne Marie Demarco when she served their tables.

75. Defendants required Anne Marie Demarco to spend at least 20 percent of her shift performing side-work unrelated to her duties as a tipped employee. This work included cleaning, restocking condiments and sauces, refilling and breaking down the salad bar station and maintaining and replenishing the coffee station.

76. Throughout Anne Marie Demarco's employment with Defendants, Defendants paid her less than the hourly minimum wage.

77. Defendants failed to adequately inform Anne Marie Demarco of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or their intent to apply a tip credit to her wages.

78. Defendants frequently required Anne Marie Demarco to perform unpaid, off-the-clock work.

79. Defendants required Anne Marie Demarco to arrive before her scheduled shift and perform approximately 30 minutes of work before being permitted to punch in for her workday.

80. Defendants only compensated Anne Marie Demarco at the tipped minimum wage rate for the time that that she was punched in.

81. As a result, Defendants did not compensate Anne Marie Demarco for the work that she was required to perform off-the-clock.

82. Upon information and belief, Defendants did not keep accurate records of hours worked by Anne Marie Demarco.

83. Upon information and belief, Defendants did not keep accurate records of the tips that Anne Marie Demarco earned.

84. Defendants failed to furnish Anne Marie Demarco with accurate statements of wages listing all hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

85. Defendants failed to furnish Anne Marie Demarco with an accurate wage notice.

***Plaintiff Lauren Bohn***

86. Lauren Bohn was an employee of Defendants, working under their direct supervision.

87. Lauren Bohn was employed by Defendants from March 2014 until in or about October 2014 as a tipped employee.

88. As a tipped employee, Lauren Bohn's duties included waiting on and serving customers, cleaning the restaurant, stocking supplies, and other side-work.

89. Defendants' customers regularly tipped Lauren Bohn when she served their tables.

90. Defendants required Lauren Bohn to spend at least 20 percent of her shift performing side-work unrelated to her duties as a tipped employee. This work included cleaning, restocking condiments and sauces, refilling and breaking down the salad bar station and maintain

and replenishing the coffee station.

91. Throughout Lauren Bohn's employment with Defendants, Defendants paid her less than the hourly minimum wage.

92. Defendants failed to adequately inform Lauren Bohn of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or their intent to apply a tip credit to her wages.

93. Defendants required Lauren Bohn to perform unpaid, off-the-clock work before every shift.

94. Defendants required Lauren Bohn to perform approximately 30 minutes of off-the-clock work before every shift.

95. Defendants only compensated Lauren Bohn at the tipped minimum wage rate for the time that that she was punched in.

96. As a result, Defendants did not compensate Lauren Bohn for the work that she was required to perform off-the-clock.

97. Upon information and belief, Defendants did not keep accurate records of hours worked by Lauren Bohn.

98. Upon information and belief, Defendants did not keep accurate records of the tips that Lauren Bohn earned.

99. Defendants failed to furnish Lauren Bohn with accurate statements of wages listing all hours worked.

100. Defendants failed to furnish Lauren Bohn with an accurate wage notice.

**FIRST CAUSE OF ACTION**
**FLSA – Unpaid Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

101. Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

102. Defendants have engaged in a widespread pattern, policy and practice of violating the FLSA as detailed in this Collective Action Complaint.

103. At all relevant times the Defendants have been and continue to be an employer engaged in interstate commerce and or in the production of good for commerce within the meaning of FLSA, 29 U.S.C. §203.

104. At all relevant times Defendants employed "employee[s]" including Plaintiffs and the FLSA Collective Members.

105. Defendants were required to pay Plaintiffs and the members of the FLSA Collective at the applicable New York State minimum wage rate for all hours worked.

106. Defendants willfully failed to pay Plaintiffs and the members of the FLSA Collective the minimum wage that they are entitled to receive.

107. Defendants required Plaintiffs and members of the FLSA Collective to perform approximately 30 minutes of off-the-clock work prior to every shift.

108. Defendants required Plaintiffs and members of the FLSA Collective to perform approximately 30 minutes of unpaid side-work every workday.

109. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under FLSA, 29 U.S.C. § 201, *et seq*., because Defendants failed to inform Plaintiffs and members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and required Plaintiffs and members of the FLSA Collective to spend over 20 percent of their work

time performing side-work. During these periods Defendants compensated Plaintiffs and the FLSA Collective at the tipped minimum wage rate, not the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

110. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants are aware or should have been aware that the practices described in this Collective Action Complaint were unlawful.

111. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

112. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

113. Plaintiffs have expressed their consent to make these claims against Defendants by filing a written consent forms, pursuant to 29 U.S.C. § 216(b).

114. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wage in accordance with the FLSA, in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, together with prejudgment interest, liquidated damages, attorneys' fees, and costs and other compensation pursuant to 29 USC §§ 201 *et seq*.

**<u>SECOND CAUSE OF ACTION</u>**
**NYLL – Unpaid Minimum Wage**
**(Brought on behalf of Plaintiffs)**

115. Plaintiffs, on behalf of themselves, reallege and incorporate by reference all allegations in all preceding paragraphs.

116. Defendants have engaged in a widespread pattern, policy and practice of violating the NYLL as detailed in this Collective Action Complaint.

117. At all relevant times Plaintiffs were employees of the Defendants.

118. At all relevant times Defendants were and continue to be employers of the Plaintiffs within the meaning of NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

119. At all relevant times Plaintiffs were covered by the NYLL.

120. Defendants were required to pay Plaintiffs at the applicable New York State minimum wage rate for all hours worked.

121. Defendants willfully failed to pay Plaintiffs the minimum wage that they are entitled to receive under the NYLL; 12 N.Y.C.R.R. Part 146-1.2.

122. Defendants required Plaintiffs to perform approximately 30 minutes of off-the-clock work before every shift.

123. Defendants required Plaintiffs to perform a substantial amount of non-tipped side-work in excess of 20 percent of their time at work. During the time that Plaintiffs were engaged in non-tipped work, they were paid by the Defendants at the tipped minimum wage rate or not compensated, rather than being paid the full hourly minimum wage. This practice is in violation of the NYLL and supporting New York State Department of Labor regulations.

124. Defendants were not eligible to avail themselves of the New York tipped minimum wage rate because Defendants failed to inform Plaintiffs of the tip credit and required Plaintiffs to spend over 20 percent of their work time performing side-work.

125. Defendants were required to pay Plaintiffs at the full minimum wage rate of $8.00 per hour beginning December 31, 2013, $8.75 per hour beginning on December 31, 2014 and $9.00 per hour beginning on December 31, 2015 until the present under NYLL §§650 *et seq*.; 12 N.Y.C.R.R. Part 146-1.2.

126. Through their knowing or intentional failure to pay the required minimum hourly wage to Plaintiffs, Defendants willfully violated the NYLL, Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

127. Due to the Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from the Defendants their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiffs)**

128. Plaintiffs on behalf of themselves, reallege and incorporate by reference all allegations in all preceding paragraphs.

129. Defendants failed to provide Plaintiffs with a wage notice as required by NYLL Article 6 § 195(1), in English or the language identified as their primary language, containing Plaintiffs rates of pay, basis of these rate of pay, whether paid by the hour, shift, day, week, salary or commission or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL Article 6 § 191; the name of the employer and any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business: and a mailing address if different; the telephone number of the employer; plus other information that the commissioner deems material and necessary.

130. Defendants willfully failed to supply Plaintiffs with an accurate statement of wages as required by NYLL Article 6 §195 (3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

131. Through their knowing and intentional failure to provide Plaintiffs with wage notices required by the NYLL, Defendants has willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations.

132. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants has willfully violated NYLL Article 6 §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations.

133. As a result of Defendants' failure to provide a wage notice to Plaintiffs, each Plaintiff is entitled to damages of $50 for each workweek Defendants failed to provide Plaintiffs with a wage notice or a total of $2,500, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided for by of NYLL Article 6 §198(1-b).

134. Due to Defendants' violations of NYLL § 195, for each workweek that Defendants failed to provide a proper wage statement to Plaintiffs from January 1, 2012, through February 26, 2015, Plaintiffs are entitled to damages of $100, or a total of $2,500, as provided for by NYLL §

198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

135. Due to Defendants' violations of NYLL § 195, for each day that Defendants failed to provide a proper wage statement from February 27, 2015 through the present, Plaintiffs are entitled to damages of $250, or a total of $5,000, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of themselves and all others similarly situated, seek the following relief:

A. Designation that of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims and state claims in this action by filing an individual Consent to Sue form pursuant to 29 U.S.C. § 216(b);

B. Unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid minimum wage pursuant and liquidated damages permitted by law pursuant to NYLL and the supporting Minimum Wage Order;

D. Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and the NYLL;

E. Statutory penalties of $50 for each workweek Defendants failed to provide Plaintiffs with a wage notice or a total of $2,500, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided for by of NYLL Article 6 §198;

F. Statutory penalties for each workweek that Defendants failed to provide a proper wage statement during the period from January 1, 2012, through February 26, 2015. Plaintiffs are entitled to damages of $100 for each workweek, or a total of $2,500, as provided for by NYLL § 198;

G. Statutory penalties for each day that Defendants failed to provide a proper wage statement from February 27, 2015 through the present. Plaintiffs are entitled to $250 per day or a total of $5,000, as provided for by NYLL § 198;

H. Pre-judgment interest and post-judgment interest as provided by law;

I. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190, *et seq*.;

J. An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190, *et seq*.;

K. Reasonable incentive awards for the Class Representatives to compensate them for the time spent attempting to recover wages for the Collective Class and for the risks they took in doing so;

L. Reasonable attorneys' fees and costs of the action; and

M. Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
February 2, 2016

Your, etc.,

SHULMAN KESSLER LLP

By: *<u>/s/ Marijana Matura</u>*
Troy L. Kessler
Marijana Matura
Garrett Kaske
*Attorneys for Plaintiffs and the*

*Putative FLSA Collective Class*
534 Broadhollow Road, Suite 275
Melville, New York 11747
(631) 499-9100